Filed 10/27/14  P. v. Ahmed CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065237 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD227073) |
| MOHAMED A. AHMED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Buckley & Buckley and Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Mohamed A. Ahmed appeals from an order denying his motion to vacate judgment pursuant to Penal Code[1] section 1016.5 and the denial of his related petition for writ of error *coram nobis*.

_____

1    All further statutory references are to the Penal Code unless otherwise specified.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he has been unable to discover any reasonably arguable issues for reversal on appeal. Pursuant to *Wende*, counsel asks this court to review the record for possible error. Ahmed has filed a supplemental brief on his own behalf arguing this court should reverse the trial court's decision. We will discuss the issue raised by Ahmed later in this opinion.

PROCEDURAL BACKGROUND

The facts of the underlying offense are not relevant to the issues raised in this appeal. Accordingly we will focus on the procedural events in this case to provide background for our discussion which follows.

In October 2010, Ahmed entered a guilty plea to one count of felony transportation of a controlled substance (khat) in violation of Health and Safety Code section 11379, subdivision (a) and one count of misdemeanor possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a). Ahmed was granted probation subject to a term of 90 days in custody pursuant to the plea agreement.

In April 2012, Ahmed filed a motion pursuant to the plea agreement to vacate the judgment or to withdraw the guilty plea. The court granted the motion to withdraw the guilty plea and dismissed the transportation count.

On October 29, 2013, Ahmed filed another motion to vacate the judgment and for relief under section 1016.5. He also requested the court to issue a writ of error *coram nobis*. The court denied the motion and the petition.

2

Ahmed filed a timely notice of appeal.

DISCUSSION

I

*THE WENDE BRIEF*

As we have noted, appellate counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, and has requested this court to review the record for error. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has listed a possible, but not arguable issue for the court's consideration:

Whether the motion to vacate judgment pursuant to section 1016.5 based on Ahmed's claim he was not properly advised of the immigration consequences of his plea was properly denied?

In our review of the record we note that the change of plea form which Ahmed signed, after it was translated by a certified interpreter, included the paragraph: "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization." (Emphasis in original.) A list of aggravated felonies, including "transportation of any controlled substance" was attached to the change of plea form.

When the change of plea was taken in open court the court told Ahmed the following: "Then if you are not a U.S. citizen, the plea could result in your removal, deportation, exclusion from admission to the United States, and denial of naturalization.

3

Additionally, if it's an aggravated felony, you would be deported, excluded from admission to the United States, or denied naturalization."

Ahmed was represented by counsel during all plea and sentencing proceedings and was assisted by a certified interpreter.

In its written order denying Ahmed's motion to vacate and for writ relief, the court found Ahmed was properly advised of the immigration consequences of his plea and that Ahmed's claims of confusion were "unconvincing."

## II

### *AHMED'S SUPPLEMENTAL BRIEF*

Upon receiving appellate counsel's *Wende* brief, this court offered Ahmed the opportunity to file his own brief on appeal, and he has done so. In his brief, Ahmed contends that the day before his decision to accept the prosecution's plea bargain, the trial court gave him advice on immigration that was contrary to what the court said at the change of plea hearing. Therefore he contends the trial court was without jurisdiction to accept his plea and that in any event he is entitled to have the judgment "vacated" pursuant to section 1016.5.

Even though the conviction for transportation of khat was dismissed after his plea was withdrawn, Ahmed alleges that immigration authorities have still proceeded with removal proceedings. Thus he argues we should somehow further vacate the original judgment, in which his guilty plea has already been withdrawn and the case has already been dismissed.

4

In order to place his contentions in context we must discuss the events leading up to his guilty plea. At the time the case was ready for trial, apparently the prosecutor offered Ahmed and his codefendant a plea agreement. It appears Ahmed was not inclined to take the offer. The trial court believed it necessary to inform Ahmed on the record of the plea offer and the consequences he might face if he was convicted after a trial.[2] The court said:

> "THE COURT: Do you understand then, Mr. Ahmed, what that means? The -- currently the case -- the case that you're charged with carries a potential punishment of imprisonment in the state prison in California for up to four years and eight months, and the offer to you is to plead with a grant of probation and with the possibility that the matter be reduced to a misdemeanor if you are successful in your probation for 18 months. [¶] Now, ancillary consequences: If you are found guilty of either of these two counts in front of the jury, those would be felonies and they would not be reduced to misdemeanors. That's -- that wouldn't be allowed under California law for the court to reduce those matters to misdemeanors at any time, and there could very well be immigration and naturalization consequences to a conviction for these types of felonies. [¶] I know [defendant's attorney] discussed those things with you, but I want to make sure that you understand what the exposure is for you here and what the offer is that's being made by the District Attorney's office."

The court further stated:

> "THE COURT: Anyway, I guess my point with you, Mr. Ahmed, is that you understand that a trial that results in a conviction is a felony for all purposes, possibly state prison and possibly immigration consequences. Whether that state prison is for a maximum of four years or four years and eight months, there are additional consequences there. [¶] That's the -- I don't know if they have a saying where you grew up of 'a bird in the hand is worth two in the bush,' but that's an old saying at least in this part of the world that you would be able to plead to a count here -- or two counts here that

---

[2]    Apparently the court was relying on *People v. Alvernaz* (1992) 2 Cal.4th 924.

would eventually allow you to earn a misdemeanor, which does not
-- a misdemeanor has a maximum of a year in jail as a consequence
and doesn't involve state prison, and the immigration consequences,
I think, are quite different with regard to a misdemeanor versus a
felony for transportation or for possession for sale. [¶] So
understanding that, is it still your -- is it your desire to move forward
with this trial? Did you want to talk a little bit more with
[defendant's attorney]?"

Ahmed contends the advice given the day before the plea contradicted the advice on immigration consequences. We disagree.

The court's advice the day before the plea informed Ahmed of the consequences of a conviction for the nonreducible felony. The court sought to convey the notion that the plea offered a chance to have the plea set aside and the felony dismissed after probation, which of course is exactly what occurred in this case. The court did not say the plea would not result in immigration consequences. Rather it said that having the felony replaced with a misdemeanor conviction after probation may be a better outcome for purposes of immigration.

In any event, Ahmed was represented by counsel and had a certified interpreter at the time of the plea. Without question, he was fully advised of the potential immigration consequences of the guilty plea, both in writing and orally. After hearing the motion to "vacate" the judgment the trial court found Ahmed was properly advised of the immigration consequences of his plea and that he did understand the court's advice.

Even if there was some additional remedy that could be provided by some additional act of vacating a judgment which has already been vacated, there is no basis for such relief in this record.

6

DISPOSITION

The order denying Ahmed's motion to vacate judgment pursuant to section 1016.5 and denying his petition for writ of error *coram nobis* is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.

7